NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM WALLWORK,<br><br>*Plaintiff*,<br><br>v.<br><br>HORIZON BLUE CROSS AND BLUE SHIELD OF NEW JERSEY, et al.,<br><br>*Defendants*. | Civil Action No. 16-7095<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Defendants Horizon Blue Cross and Blue Shield of New Jersey ("Horizon"), CareFirst Blue Cross Blue Shield/CareFirst of Maryland, Inc. ("CareFirst"), and ValueOptions of New Jersey, Inc.'s ("ValueOptions") motions to dismiss Count One of pro se Plaintiff Adam Wallwork's Amended Complaint. ECF Nos. 12, 13. The Court also considers Wallwork's motion to strike. ECF No. 14. This motion concerns whether Wallwork stated a claim against Horizon, Carefirst, and ValueOptions, for failure to supply ERISA plan documents that he requested from Horizon. Because the obligation to supply plan documents falls only on the ERISA plan administrator, and neither Horizon, CareFirst, nor ValueOptions held that position, the motions to dismiss are **GRANTED** and the motion to strike is **DENIED** as moot.

I. **BACKGROUND**

Plaintiff Adam Wallwork, a practicing attorney, worked for Sills Cummis & Gross, P.C. ("Sills Cummis"), a New Jersey law firm. He participated in Sills Cummis' employer-sponsored healthcare plan (the "Plan"). According to the terms of the Plan, Sill Cummis is both the Plan Sponsor and Plan Administrator. See Ganguly Cert. Ex. A, Sills Cummis Plan at 128, ECF No. 18-2. Horizon is listed as the Claims Administrator. Id.

While enrolled in Sill Cummis' Plan, Wallwork received psychotherapy treatments over the phone from a doctor in Maryland. Wallwork submitted roughly $67,000 in claims for those treatments to Horizon. Horizon denied the claims, stating that he had to submit them to Horizon's affiliate in Maryland. So Wallwork submitted the claims to CareFirst—apparently, Horizon's Maryland affiliate—but CareFirst did not respond to his requests. Wallwork went back to Horizon and also contacted a representative at ValueOptions, a company contracted by Horizon to administer Horizon's health programs. But Horizon denied his claims again for the same reason. In the course of his efforts to receive coverage for his claims, Wallwork requested plan documents from Horizon. He alleges that they received his request and said "your Plan Document information will be sent to you as soon as possible," but Horizon never sent them. See Compl. ¶ 60; id. Ex. 1, Horizon Request Receipt. He does not allege that he requested plan documents from CareFirst, ValueOptions, or Sills Cummis.

Wallwork brought a four-count Amended Complaint against Horizon, CareFirst, and ValueOptions, but did not sue Sills Cummis. In Count One, he seeks compensation under ERISA section 502(c), 29 U.S.C. § 1132(c), for Horizon's failure to provide plan documents. In his remaining counts, he sues for payment of his insurance claims and for breaches of fiduciary duties. Horizon, CareFirst, and ValueOptions filed the instant motions to dismiss Count One alone.

## II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate "merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Usually, these standards are relaxed in the pro se context. Courts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). But where, as here, the pro se litigant is also an attorney, that person is not afforded the latitude typically granted to lay plaintiffs. Turner v. New Jersey State Police, No. 08-5163, 2017 WL 1190917, at *7 (D.N.J. Mar. 29, 2017) ("Attorney pro se litigants are not accorded the same consideration as pro se litigants who lack substantial legal training.").

## III.  ANALYSIS

Horizon, CareFirst, and ValueOptions move to dismiss Count One because section 502(c) claims can only be brought against the Plan Administrator, a position none of them holds. The Court agrees.

ERISA section 502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B), concerns an administrator's failure to supply requested information. The section provides as follows:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . .

3

29 U.S.C. § 1132(c)(1)(B). Courts in this district have uniformly interpreted the section to apply only to plan administrators.[1] They have refused to extend liability to other entities, including claims administrators and insurance companies. See, e.g., Narducci, 2010 WL 5325643, at *3 ("LINA is the claims administrator. Since LINA is not the plan administrator, LINA cannot be liable under § 502(c) . . . ."); Cohen, 2013 WL 5780815, at *9 ("As Horizon is not the [plan] administrator, it cannot be held liable under 29 U.S.C. § 1132(c)(1)(B)."); Mondry v. Am. Family Mut. Ins. Co., 557 F.3d 781, 794 (7th Cir. 2009) ("[T]his court and others have held that liability under section [502(c)] is confined to the plan administrator and have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek.").

Here, Horizon, CareFirst, and ValueOptions argue that the Amended Complaint does not allege that any of them are the Plan Administrator of the Sills Cummis Plan. That appears to be the case. The Amended Complaint does not allege that any of the Defendants were Plan Administrators. The closest allegation is in paragraph 4, which alleges that Wallwork "was covered by Sills Cummis's employer-sponsored healthcare plan administered by Defendant

---

[1] See High Crest Functional Med., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc., No. 15-8876, 2017 WL 1202654, at *3 (D.N.J. Mar. 30, 2017); Ross v. AXA Equitable Life Ins. Co., No. 16-1591, 2016 WL 7462542, at *6 (D.N.J. Dec. 28, 2016); Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp., 50 F. Supp. 3d 647, 656 (D.N.J. 2014); Cohen v. Horizon Blue Cross Blue Shield of New Jersey, No. 13-3057, 2013 WL 5780815, at *9 (D.N.J. Oct. 25, 2013); Narducci v. Aegon USA, Inc., No. 10-00955, 2010 WL 5325643, at *3 (D.N.J. Dec. 15, 2010); see also Calabree v. Eaton Med. Plan for Retirees & Other Eligible Individuals, No. 13-828, 2015 WL 3903499, at *7 (E.D. Pa. June 25, 2015).

ERISA also explains how to identity the plan administrator. First, it is the person so designated in the plan documents; second, if the plan documents do not say who the plan administrator is, then it is the plan sponsor; or third, if the documents are silent and the plan sponsor cannot be identified, then it is someone appointed by the Secretary. 29 U.S.C. § 1002(16)(A).

Horizon . . . ." Am. Compl. ¶ 4. But that allegation sheds no light on whether Horizon is the Plan Administrator, in particular.

Such a pleading deficiency usually warrants either leave to replead that a demand was made on the plan administrator or discovery on who the plan administrator is. But here, neither option is warranted. That is because Horizon has provided the Sills Cummis Plan, which identifies Sills Cummis as the Plan Administrator. The Court may consider the Plan because Wallwork discusses it in, and it is integral to, the Amended Complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (citation and quotes omitted); see also Chang v. Prudential Ins. Co. of Am., No. 16-3351, 2017 WL 402980, at *1 n.2 (D.N.J. Jan. 30, 2017) (considering plan document submitted by defendants on motion to dismiss); Cohen, 2013 WL 5780815, at *1 (same). Since Sills Cummis is the Plan Administrator, it is the only entity that can be held liable for a section 502(c) violation. As such, it would be futile to allow Wallwork to replead his 502(c) claim against Horizon, CareFirst, or ValueOptions.

Wallwork responds that Horizon, CareFirst, and ValueOptions can, in fact, be held liable under 502(c) for three reasons. First, he argues that he has alleged that "each of the Defendants were 'administrators' of his ERISA plan . . . ." Opp'n Br. 9, ECF No. 14-1. But, as explained, that fact is insufficient to survive a motion to dismiss, particularly where the defendants have provided the Plan documents, which identify the Plan Sponsor as Sills Cummis. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 n. 8 (3d Cir.1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control."). Second, he argues that Horizon can be sued because it "considered

5

itself obliged to provide the Plan documents . . . ." Opp'n Br. 9.  He argues that Horizon said he would receive the documents as soon as possible, so Horizon should be liable for the failure to produce them.  But Horizon's words do not matter for the purposes of section 502(c).  ERISA contains a clear directive that only Plan Administrators can be sued for failure to provide documents.  Spine Surgery, 50 F. Supp. 3d at 655 ("[T]he Plan administrator is the only liable entity on this count.").  Since neither Horizon nor the other Defendants is the Plan Administrator of the Sills Cummis Plan, none of them can be liable under section 502(c).  Third, he argues that Defendants exercised considerable authority over the Sills Cummis Plan, and therefore should be deemed Plan Administrators.  But this argument fails for similar reasons as just explained.  ERISA expressly provides that the Plan Administrator is one of three people:  the person so designated in the plan, the plan sponsor, or a person designated by the Secretary.  29 U.S.C. § 1002(16)(A).  Absent from this exhaustive list is any mention of entities that have authority over a plan.  And Wallwork has not provided, nor is the Court aware of, any statutory authority or case law that expands this exhaustive list in such a way.  Wallwork's counterarguments are unavailing.[2]

## IV. CONCLUSION

For the reasons set forth herein, the motions to dismiss Count One of the Complaint are **GRANTED** and Count One is **DISMISSED WITH PREJUDICE**.  The motion to strike is **DENIED** as moot.  An appropriate Order accompanies this Opinion.

**Date: July 27, 2017**                                        */s Madeline Cox Arleo*_____
                                                               **Hon. Madeline Cox Arleo**

---

[2] Wallwork also moves to strike the Certification of Michelle Ganguly, which Horizon and Carefirst submitted with their opening brief.  ECF No. 14.  In that document, Ganguly, a Horizon employee, certifies that Sills Cummis is the Plan Administrator.  See Ganguly Cert. ¶ 4, ECF No. 12-2.  Wallwork moves to strike the document because it is hearsay, violates the best evidence rule, and Ganguly lacks foundation to discuss the contents of the Sills Cummis Plan.  Opp'n Br. 16-17.  The motion is denied as moot because the Court's decision relies on the Plan document itself, not the facts sworn to in Ms. Ganguly's Certification.

**United States District Judge**